UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

MATTHEW RYAN GRANT,

    Petitioner,

v.

    Civil No. 21-cv-12258
    Hon. Matthew F. Leitman

RANDEE REWERTS,

    Respondent.
_____/

## ORDER (1) GRANTING PETITIONER'S MOTION TO HOLD PETITION IN ABEYANCE (ECF No. 2); (2) HOLDING PETITION FOR A WRIT OF HABEAS CORPUS (ECF No. 1) IN ABEYANCE; AND (3) ADMINISTRATIVELY CLOSING CASE

On September 24, 2021, Petitioner Matthew Ryan Grant, through counsel, filed a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. (*See* Pet., ECF No. 1.) Grant has also filed a motion to hold the petition in abeyance so that he can exhaust additional claims in the state courts. (*See* Mot., ECF No. 2.)

A state prisoner who seeks federal habeas relief must first exhaust his available state court remedies before raising a claim in federal court. *See* 28 U.S.C. §§ 2254(b) and (c). *See also Picard v. Connor*, 404 U. S. 270, 275-78 (1971); *Walker v. Martin*, 562 U.S. 307, 315 (2011). However, the dismissal of a pending habeas petition while a petitioner pursues state remedies for unexhausted claims could result in the subsequent petition being barred by the one-year statute of limitations for

1

habeas petitions. *See* 28 U.S.C. § 2244(d). To avoid that time-bar, a federal court may opt to stay a federal habeas petition and hold further proceedings in abeyance pending resolution of state court post-conviction proceedings. *See Rhines v. Weber*, 544 U.S. 269, 278 (2005).

The Court believes that such a stay is appropriate here while Grant attempts to exhaust unexhausted claims in state court. Accordingly, Grant's motion to hold his petition in abeyance is **GRANTED**. This stay is conditioned upon Grant presenting his unexhausted claim(s) to the state courts by filing a motion for relief from judgment in the state trial court within **ninety (90) days** of the date of this order. *See Hill v. Anderson*, 300 F.3d 679, 683 (6th Cir. 2002) (discussing similar procedure). If that court denies Grant's motion, he must seek timely review in the Michigan Court of Appeals and the Michigan Supreme Court in the manner provided under Michigan law. *See id.*

The stay is further conditioned on Grant's return to this Court with a motion to amend his petition and reopen the case, using the same caption and case number included at the top of this order, within **ninety (90) days** of exhausting his state court remedies. If Grant fails to comply with any of the conditions described in this order, the Court may dismiss his petition and/or rule only on his currently exhausted claim(s). *See Calhoun v. Bergh*, 769 F.3d 409, 411 (6th Cir. 2014) (concluding that

the district court's dismissal of a habeas petition was appropriate because the petitioner failed to comply with the conditions of the district court's stay).

**IT IS FURTHER ORDERED** that the Clerk of Court shall close this case for administrative purposes only. On receipt of Grant's motion to amend his petition and reopen this case, the Court will order the Clerk to reopen this case for statistical purposes. Nothing in this Order or the related docket entry shall be construed as an adjudication of Grant's current claims. *See Sitto v. Bock*, 207 F.Supp.2d 668, 677 (E.D. Mich. 2002) (closing a habeas case containing exhausted and unexhausted claims to avoid administrative difficulties and stating that "[n]othing in this order or in the related docket entry shall be considered a dismissal or disposition of this matter").

**IT IS SO ORDERED.**

s/Matthew F. Leitman
MATTHEW F. LEITMAN
UNITED STATES DISTRICT JUDGE

Dated: October 15, 2021

I hereby certify that a copy of the foregoing document was served upon the parties and/or counsel of record on October 15, 2021, by electronic means and/or ordinary mail.

s/Holly A. Monda
Case Manager
(810) 341-9761

3